1 DAVID L. ANDERSON (CABN 149604)
United States Attorney
2
HALLIE HOFFMAN (CABN 210020)
3 Chief, Criminal Division

4 LINA PENG (NYBN 5150032)
Assistant United States Attorney
5
    450 Golden Gate Avenue, Box 36055
6     San Francisco, California 94102-3495
    Telephone: (415) 436-7224
7     FAX: (415) 436-7027
    Lina.Peng@usdoj.gov
8
Attorneys for United States of America
9

10                         UNITED STATES DISTRICT COURT

11                         NORTHERN DISTRICT OF CALIFORNIA

12                               SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.: 19 CR 0689 RS |
| ) | |
| Plaintiff, ) | [~~PROPOSED~~] ORDER |
| ) | DETAINING DEFENDANT PRIOR TO TRIAL |
| v. ) | |
| ) | |
| AARON SERVELLON, ) | |
| ) | |
| Defendant. ) | |

On December 12, 2019, an Indictment was filed in the Northern District of California charging the defendant, Aaron Servellon, with four counts of violating Title 26, United States Code, Section 841(a)(1) and (b)(1)(C) – Possession with Intent to Distribute Controlled Substances. Defendant made his initial appearance and was arraigned on his Indictment in the Northern District of California on December 30, 2019, and the Court held a detention hearing on January 8, 2020, after a full bail study was prepared by Pretrial Services.

At the detention hearing, the defendant was present and represented by Assistant Federal Public Defender Angela Chuang. A United States Pretrial Services Agency Officer was also present at the hearing. The government moved for detention, and the defendant opposed. The parties submitted proffers and arguments.

1  Upon consideration of the court file and the parties' proffers at the detention hearing, the Court
2  finds by clear and convincing evidence that no condition or combination of conditions will reasonably
3  assure the safety of the community.  Accordingly, the Court orders the defendant detained pending trial.
4  This Order supplements the Court's findings at the detention hearing and serves as written
5  findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i).
6  The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining
7  whether pretrial detention is warranted.  In coming to its decision, the Court has considered those
8  factors, paraphrased below:

(1)  the nature and seriousness of the offense charged;

(2)  the weight of the evidence against the person;

(3)  the history and characteristics of the person including, among other considerations, ties to the community, employment, past conduct and criminal history, and record of court appearances; and,

(4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

See 18 U.S.C. § 3142(g).

After considering all of the facts and proffers presented at the hearing, including the information contained in the Pretrial Services report, the Court finds, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the defendant's appearance as required, including because of: (1) the nature and circumstances of the offense charged; (2) the defendant's lack of ties to the community and his ties to Honduras; (3) the defendant's lack of a stable residence; and (4) the lack of appropriate sureties.

Accordingly, pursuant to 18 U.S.C. § 3142, IT IS HEREBY ORDERED THAT:

(1)  Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)  Defendant be afforded reasonable opportunity for private consultation with his counsel; and,

[PROPOSED] ORDER DETAINING DEFENDANT PRIOR TO TRIAL
19-CR-689 RS

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

This Order is without prejudice to reconsideration at a later date if circumstances change.

IT IS SO ORDERED.

January 9, 2020

_____
HON. SALLIE KIM
United States Magistrate Judge